1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  JAMES SANFORD POBURSKY,                 )    1:10-cv-00326 YNP (DLB) (HC)
                                           )
9          Petitioner,                     )    ORDER TO SHOW CAUSE WHY THE
                                           )    PETITION SHOULD NOT BE DISMISSED
10                                         )    FOR PETITIONER'S FAILURE TO
       v.                                  )    EXHAUST STATE REMEDIES
11                                         )
                                           )    ORDER DISMISSING PETITIONER'S
12  DOUGLAS PAPAGNI,                       )    MOTION FOR WRIT OF HABEAS CORPUS
                                           )    AS DUPLICATIVE
13         Respondent.                     )
    _____)
14

15        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17        On February 10, 2010, Petitioner filed a petition for writ of habeas corpus and a second,

18  identical document entitled "Emergency Request/Motion for writ of habeas Corpus" with this Court.

19  (Docs. #1, 3.)

20                                     **DISCUSSION**

21  **Exhaustion**

22        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

23  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

24  from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §

25  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order

26  Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

27        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

28  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood,

195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

       In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, Petitioner presents no evidence that he has fully exhausted his claims in the California Supreme Court.  Petitioner states that he "has exhausted all state appeals procedures, including Writ of Habeas to State Supreme Court on these issues without affecting a remedy."  (Pet. 2.)  Because Petitioner has not presented any case numbers, dates, or documentation of any of his State court proceedings, the Court is disinclined to assume that Petitioner has fully exhausted each and every claim presented in the instant petition.  If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).  Petitioner must inform the Court if each claim that has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  Without this information, the Court is unable to proceed to the merits of the petition.

### ORDER

1) Petitioner is hereby ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner must inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.  Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

2) Petitioner's Emergency Request/Motion for Writ of Habeas Corpus is stricken as duplicative of his Petition for writ of habeas corpus. (Doc. #3.)

IT IS SO ORDERED.

Dated:   __March 3, 2010__          __/s/ Dennis L. Beck__
                                    UNITED STATES MAGISTRATE JUDGE