IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD POBURSKY,<br><br>    Petitioner,<br><br>  v.<br><br>DOUGLAS PAPAGNI,<br><br>    Respondent.<br>_____/ | 1:10-cv-00326 AWI MJS (HC)<br><br>ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT<br>(Thirty (30) day deadline)<br><br>ORDER PERMITTING RESPONDENT TO REPLY TO PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE |

    Petitioner, formerly in the custody of the Madera County Department of Corrections, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On March 27, 2007, Petitioner was found guilty by a jury of battery on a police officer. (Lodged Doc. 1 at 36-42.) On April 27, 2007, the trial court sentenced Petitioner to three-years probation and ordered him to serve 32 days in the Madera County Jail. (Lodged Doc. 1 at 101.) Petitioner refused probation, therefore the trial court vacated the sentence and imposed a term of 365 days in the county jail. (Id.) The trial court ordered the imposition of the sentence stayed pending Petitioner's appeal. On January 22, 2010, the trial court imposed the 365-day jail sentence and remanded Petitioner to the Madera County Department of Corrections. (Lodged Doc. 431-432.)

1   Petitioner presented two claims in his petition: (1) that Respondent "placed a
2   detention of liberty on [him] without a proper complaint as is required by Ca. P.C. § 740."
3   (Pet. at 2.), and (2) that Madera County Superior Court Judges John W. Degroot and
4   Mitchell C. Rigby had no title to possess their respective offices because there was "no
5   sworn or affirmed OATH OF OFFICE and OATH OF ALLEGIANCE as mandated
6   pursuant to the Constitution for the State of California at Article XX, § 3 and other Ca.
7   Laws . . . ." (Pet. at 2.)

8   Respondent has responded to the petition.

9   Also, pending before the Court is Petitioner's June 7, 2010 notice of change of
10  address which indicates that Petitioner is no longer in the custody of the County of
11  Madera or the California Department of Corrections and Rehabilitation. (ECF No. 11.)
12  This is consistent with Respondent's allegations in his answer that Petitioner was to serve
13  a 365 day jail sentence in Madera County starting on January 22, 2010.

14  Federal courts lack jurisdiction to decide cases that are moot because the courts'
15  constitutional authority extends to only actual cases or controversies. Iron Arrow Honor
16  Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy
17  in which a litigant has a personal stake in the outcome of the suit throughout all stages
18  of federal judicial proceedings and has suffered some actual injury that can be redressed
19  by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot
20  when it no longer presents a case or controversy under Article III, § 2 of the Constitution.
21  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus
22  is moot where a petitioner's claim for relief cannot be redressed by a favorable decision
23  of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01
24  (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is
25  jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99
26  (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before
27  the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

28  A case becomes moot because of the absence of an actual case or controversy
    where the petitioner no longer suffers or anticipates an injury traceable to the respondent

which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the BOP denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the petitioner's release date as the petitioner had requested. Here, however, Petitioner was not sentenced to serve a term of parole. Accordingly, it does not appear that any collateral consequences exist.

Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order, Petitioner shall show cause why the Court should not dismiss the petition for mootness. If Petitioner files a response to this order, Respondent may file a reply to Petitioner's response no later than ten (10) days after the date of service of Petitioner's response on Respondent. Petitioner is instructed that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110 and result in dismissal of the petition.

IT IS SO ORDERED.

Dated:   October 16, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE