UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD POBURSKY, | 1:10-cv-00326 LJO MJS (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS MOOT |
| DOUGLAS PAPAGNI, | (Doc. 29) |
| Respondent. | |

Petitioner was formerly in custody of the Madera County Department of Corrections proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Galen N. Farris, Esq., of the Office of the Attorney General for the State of California.

**I.      INTRODUCTION**

On March 27, 2007, Petitioner was found guilty by a jury of battery on a police officer. (Lodged Doc. 1 at 36-42.) On April 27, 2007, the trial court sentenced Petitioner to three-years probation and ordered him to serve 32 days in the Madera County Jail. (Lodged Doc. 1 at 101.) Petitioner refused probation, therefore the trial court vacated the sentence and imposed a term of 365 days in the county jail. (Id.) The trial court ordered the imposition of the sentence

1  stayed pending Petitioner filing an appeal. On January 22, 2010, the trial court imposed the
2  365-day jail sentence which had been stayed pending resolution of Petitioner's appeal and
3  remanded Petitioner to the Madera County Department of Corrections. (Lodged Doc.
4  431-432.)

5        Petitioner presented two claims in his petition: (1) that Respondent "placed a detention
6  of liberty on [him] without a proper complaint as is required by Ca. P.C. § 740." (Pet. at 2.), and
7  (2) that Madera County Superior Court Judges John W. Degroot and Mitchell C. Rigby had no
8  title to possess their respective offices because there was "no sworn or affirmed OATH OF
9  OFFICE and OATH OF ALLEGIANCE as mandated pursuant to the Constitution for the State
10 of California at Article XX, § 3 and other Ca. Laws . . . ." (Pet. at 2.) Respondent has
11 responded to the petition.

12       Also pending before the Court is Petitioner's notice of change of address filed on June
13 7, 2010, which indicates that Petitioner is no longer in the custody of the County of Madera
14 or the California Department of Corrections and Rehabilitation. (ECF No. 11.) This is
15 consistent with Respondent's allegations in his answer that Petitioner was to serve a 365 day
16 jail sentence in Madera County starting on January 22, 2010.

17       On December 7, 2010, Respondent filed an answer to the petition. (Answer, ECF No.
18 19.) On October 16, 2012, the Court issued an order to show cause why the petition should
19 not be dismissed as moot. (Order, ECF No. 29.) On November 19, 2012, Petitioner filed a
20 response to the order to show cause. However, the response only attacks the merits of his
21 claims, and does not address the issue of whether he is still in custody or suffering from
22 collateral consequences of his custody.

23 **II.   ANALYSIS**

24       The case or controversy requirement of Article III of the Federal Constitution deprives
25 the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67,
26 70 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir.
27 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack
28 a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1984). The

1  Federal Court is "without power to decide questions that cannot affect the rights of the litigants
2  before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

3  A petition for writ of habeas corpus becomes moot when it no longer presents a case
4  or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479
5  (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief
6  cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus.
7  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523
8  U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District,
9  228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because
10 nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

11 A case becomes moot because of the absence of an actual case or controversy where
12 the petitioner no longer suffers or anticipates an injury traceable to the respondent which is
13 likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a
14 habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also
15 possible that the claim remains viable. For example, a habeas challenge to a term of
16 imprisonment is not mooted by a petitioner's release where the petitioner remains on
17 supervised release and there is a possibility that the petitioner could receive a reduction in his
18 term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In
19 Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision
20 of the Bureau of Prisons (BOP) denying the petitioner's request for credit towards his federal
21 sentence for days spent in state custody was not moot where the petitioner was released and
22 remained on supervised release, and the BOP's internal, favorable decision did not recalculate
23 the petitioner's release date as the petitioner had requested.

24 Here, the Court ordered to show cause why the petition should not be dismissed as
25 moot. Petitioner has been released from custody, and despite filing a response, did not
26 describe any collateral consequences that may flow from his custody. Accordingly, the Court
27 recommends that the petition for writ of habeas corpus be dismissed as moot.

28

### III.  CONCLUSION

Because Petitioner is no longer in custody, this Court cannot grant any meaningful relief to Petitioner. Therefore, this Court recommends the action be dismissed as moot.

### IV.  RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 23, 2013              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE